UNITED STATES, Appellee,

v.

Angel A. IZQUIERDO, Airman,
U.S. Navy, Appellant.

No. 98–0100.
Crim.App. No. 96–1116.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 18, 1998.

Decided Sept. 10, 1999.

COX, C.J., delivered the opinion of the Court, in which CRAWFORD, GIERKE, and EFFRON, JJ., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Major Dale E. Anderson,* USMC (argued).

For Appellee: *Lieutenant Kevin S. Rosenberg*, JAGC, USNR (argued); *Commander D.H. Myers*, JAGC, USN (on brief); *Colonel Charles Wm. Dorman*, USMC, and *Lieutenant Commander Christian L. Reismeier*, JAGC, USN.

Chief Judge COX delivered the opinion of the Court.

The issue on this appeal is whether appellant's sexual acts were sufficiently public in nature to constitute indecent acts, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. *See* 49 MJ 53 (1998). A general court-martial comprised of officer and enlisted members, sitting at Naval Air Station, Jacksonville, Florida, convicted appellant of these offenses, contrary to his pleas.[1]

Appellant was initially charged with separate specifications of raping 2 different young women in his barracks room, in violation of Article 120, UCMJ, 10 USC § 920. The primary issue as to each was consent. After presentation of the evidence and consideration of the views of the parties, the military judge instructed the members on the elements of rape. He also instructed the members that the evidence raised the lesser-included offense of indecent acts, in terms of appellant's engaging "openly and notoriously" in sexual intercourse.[2]

Appellant was found not guilty of the rape charges, but he was convicted of committing indecent acts.

The offense of indecent acts with another is charged under the general article, Article 134, UCMJ, 10 USC § 934, which provides:

Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, [and] all conduct of a nature to bring discredit upon the armed forces ... shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense. . . .

Pursuant to his power to enact punishments under Article 56, UCMJ, 10 USC § 856, the President has established sentence limitations for general article offenses having the following characteristics:

(1) That the accused committed a certain wrongful act with a certain person;

(2) That the act was indecent; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 90, Manual for Courts–Martial, United States (1994 ed.).

"Indecent" is defined as

that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations.

*Id.*

We have consistently held that fornication, when committed "openly and notoriously," is an "aggravating circumstance[ ] sufficient to state an offense under Article 134." *United States v. Berry*, 6 USCMA 609, 614, 20 CMR 325, 330 (1956); *see United States v. Hickson*, 22 MJ 146, 150 (CMA 1986); *cf. United States v. Scoby*, 5 MJ 160, 164 (CMA 1978). As we noted in *United States v. Berry, supra:*

The public nature of an act is not always determined by the place of occurrence. A private residence in which other persons are gathered may be regarded as a public place for the purpose of evaluating the

---

1. He was sentenced to confinement for 1 year, total forfeitures, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion dated September 5, 1997.

2. At the outset, we note that this case does not involve violation of a regulation or order regarding the presence of members of the opposite sex in a barracks setting. Military commanders have ample authority to regulate the assignment of military personnel to barracks and other government quarters based upon gender, and to regulate or preclude visitation in such quarters by members of the opposite sex. No such regulations were introduced into evidence in the present case.

character of conduct by one of the persons. This is particularly true when the act is of such a nature as to bring discredit upon the armed forces. An act, therefore, may be "open and notorious" not merely because of the *locus,* but because of the actual presence of other persons.... How many persons then need be present to make the act a public one? In our opinion, the act is "open and notorious," flagrant, and discrediting to the military service when the participants know that a third person is present.

(Citation omitted).

Here, the military judge properly instructed the court members on the elements of the offense of indecent acts. He then continued as follows:

Sexual acts are considered to be committed openly and notoriously when such acts are performed in such a place and under such circumstances that it is reasonably likely to be seen by others even though others actually do not view the acts. In determining if sexual acts are performed openly and notoriously, you must look not only to the location of the act itself, but also to the attendant circumstances surrounding their commission.

■ We review the facts in legal sufficiency cases in the light most favorable to the prosecution. *United States v. Blocker,* 32 MJ 281, 284 (CMA 1991). Further, our standard of review is "asking whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt." *United States v. Cottrill,* 45 MJ 485, 487 (1997); *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The Government introduced evidence that appellant engaged in sexual intercourse with Ms. L in his barracks room. On this occasion, two of appellant's roommates were present in the barracks room. One of them was asleep, and the other was watching a football game on television. Appellant pinned up a sheet that substantially blocked his roommates' view of his side of the room.

The record reflects that one roommate, who was awake, was quite suspicious of the activity on the other side of the sheet. The other roommate, once he was awakened, shared the same suspicions. Under these circumstances, there was sufficient evidence of the "open and notorious" nature of the conduct for the matter to be resolved by the court members.

In the present case, where there was evidence that the roommates were suspicious of the nature of the activity between appellant and Ms. L. behind the sheet, the members—who heard the evidence and observed the witnesses—could reach the conclusion that appellant did not negate the open and notorious nature of the sexual activity merely by placing a sheet between the beds. Under *Jackson v. Virginia, supra,* the members had sufficient evidence before them to reach that conclusion in this case.

■ The Government introduced evidence that appellant and Ms. C. engaged in sexual intercourse in his barracks room. While the sexual events occurred, the door was closed and nobody else was in the room. Under these circumstances, there is not sufficient evidence, as a matter of law, of the open and notorious nature of the sexual conduct to sustain a finding of guilty of committing indecent acts. *United States v. Cottrill* and *Jackson v. Virginia,* both *supra.*

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed as to Additional Charge II and its specification and as to sentence. The findings of guilty to Additional Charge II and its specification are set aside and that Charge and specification are dismissed. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals, which may reassess the sentence in accordance with *United States v. Sales,* 22 MJ 305 (CMA 1986), or authorize a rehearing on sentence.

SULLIVAN, Judge (concurring in the result):

The trend in military housing is for the Department of Defense to give more privacy

to the servicemember, e.g., single rooms. *See generally United States v. Middleton*, 10 MJ 123, 128 n. 8 (CMA 1981). The new standard of the majority illustrates an opposing trend in the military justice system which encroaches on a servicemember's privacy. *See United States v. McCarthy*, 38 MJ 398 (CMA 1993). I do not join it. *Id.* at 404 (Sullivan, C.J., concurring in the result).

The particular question before the Court is whether the Court of Criminal Appeals and the trial judge correctly defined "open and notorious" as meaning "reasonably likely to be seen by others." These rulings were based on the Court of Criminal Appeals's decision in *United States v. Carr*, 28 MJ 661 (NMCMR 1989). This is a change from our decision in *United States v. Berry*, 6 USCMA 609, 614, 20 CMR 325, 330 (1956), which defines open and notorious as requiring "the actual presence of other persons." In my view, *Carr* is an extension of our case law and, as indicated above, I believe goes too far.

In any event, the Court of Criminal Appeals and the trial judge employed this new standard and affirmed both of appellant's convictions in this case. Paradoxically, the majority adopts the lower court's standard, yet sets aside one of these convictions. Moreover, in terms of this new standard, it does not explain the difference between a sheet in a room and a closed but unlocked door which was opened by a roommate suspecting sexual conduct. I reach the same result as the majority, but I do so relying on the "actual presence" standard of *Berry*.