SULLIVAN) Senior Judge
(concurring in the result):
I agree with the result reached by the majority in this case, but not its rationale. The alleged indecent act of consensually fondling an adult female’s (AB’s) breasts was done behind the closed door of appellant’s barracks room, and no third person was actually present. Under our case law at the time of appellant’s trial, a consensual sexual act of this type by a servicemember in these circumstances did not constitute the crime of indecent acts because it was not “open and notorious.” See United States v. Berry, 6 USCMA 609, 614, 20 CMR 325, 330 (1956) (known presence of a third party required for otherwise lawful sexual intercourse to be considered an indecent act). The military judge obviously ignored Berry and erred by applying a “reasonably likely to be viewed by another” standard in determining appellant’s guilt. (R.425-28) Accordingly, the indecent act conviction here needs to be reversed.
I also do not agree with the majority now adopting a broader rule of criminal liability than approved in Berry based on dicta in *423 United States v. Izquierdo, 51 MJ 421, 423 (1999) (a case decided after appellant’s trial), and applying it in appellant’s case.* The majority would hold that consensual sexual acts by a servicemember can be considered “open and notorious” (and, thus, criminal) when committed “in such a place and under such circumstances that it is reasonably likely to be seen by others even though others actually do not view the acts.” 57 MJ at 421. Moreover, in applying the new standard, the majority weakly reasons that the facts of appellant’s case do not satisfy this new test because “[t]he act in question [touching a female’s bare breasts] could have been terminated easily and quickly____ AB could have quickly pulled her shirt down and covered [her exposed breasts].” 57 MJ at 422. I have serious concerns with this vague and uncertain approach to criminal law in the consensual sex area. See Rogers v. Tennessee, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001)(due process limitation on application of a judicial construction of a criminal statute). A crime in the area of consensual sex between adults needs to be clear and certain.
Finally, I disagree with this new rule of the majority, which is apparently derived from the decision of the Navy-Marine Corps Court of Military Review in United States v. Carr, 28 MJ 661, 664 (NMCMR 1989). See United States v. Izquierdo, supra at 423-24 (Sullivan, J., concurring in the result).

 The majority opinion in Izquierdo reversed one of two convictions for indecent acts because it concerned sexual acts which occurred between a servicemember and another when "the door was closed and nobody else was in the room.” This is the same standard used in United States v. Berry, 6 USCMA 609, 614, 20 CMR 325, 330 (1956). See United States v. Tollinchi, 54 MJ 80, 83 (2000).