UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant STACY N. SHERROD
 United States Army, Appellant

 ARMY 20070932

 Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell
 Richard J. Anderson and Theodore E. Dixon, Military Judges
 Colonel Peter M. Cullen, Staff Judge Advocate

For Appellant: Major Sean F. Mangan, JA; Major Sean S. Park, JA.

For Appellee: Lieutenant Colonel Francis C. Kiley, JA.

 30 September 2008

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 Contrary to her pleas, appellant was convicted at a special court-
martial empowered to adjudge a bad-conduct discharge, by officer and
enlisted members, of absence without leave, missing movement, disrespect
toward a superior commissioned officer, and insubordinate conduct toward a
non-commissioned officer (nine specifications), in violation of Uniform
Code of Military Justice [hereinafter UCMJ], Articles 86, 87, 89, and 91;
10 U.S.C. §§ 896, 897, 891, and 891 (2005). The members sentenced
appellant to a bad-conduct discharge, confinement for one hundred and
twenty (120) days, forfeiture of $972.00 pay per month for four months, and
reduction to Private E1. The convening authority approved the sentence as
adjudged, except he approved forfeitures only in the amount of $867.00 pay
per month for four months.

 Although not raised by either appellant’s post-trial Rules for Courts-
Martial 1105/1106 matters or her appeal to this court, we find that the
evidence contained in the record of trial is factually insufficient to
support a finding of guilty of Specification 3 of Charge IV, disobeying a
noncommissioned officer. In accordance with our UCMJ, Article 66
authority, we disapprove the finding of guilty of Specification 3 of Charge
IV; all other findings of guilty are affirmed.
 We are confident that we can “reliably determine what sentence would
have been imposed at the trial level if the error had not occurred.”
United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986). Significantly, we
note there was no “relative change in sentencing landscape.” United States
v. Moffeit, 63 M.J. 40, 42-44 (C.A.A.F. 2006) (Baker, J., concurring). The
maximum possible punishment has not changed, and appellant’s offenses and
the aggravating circumstances related to the offenses remain almost
entirely unaffected. Additionally, the members sentenced appellant to a
bad-conduct discharge, confinement for 120 days, forfeiture of $972.00 pay
per month for four months (the convening authority approved the
jurisdictional maximum allowable amount of $867 pay per month for four
months), and reduction to Private E1—a sentence well below the authorized
maximum punishment. On numerous separate occasions appellant disrespected
her chain of command and disregarded direct lawful orders given to her by
those serving in superior positions. We are, therefore, confident the
panel members would have imposed a sentence of the same magnitude had
appellant been found not guilty of Specification 3 of Charge IV. See
Moffeit, 63 M.J. at 42-44; Sales, 22 M.J. at 307.

 DECISION

 Considering the nature of the remaining findings of guilty, the entire
record, the sentence adjudged at trial, and applying the principles of
Moffeit, 63 M.J. at 40, 42-44 and Sales, 22 M.J. at 305, to include those
principles identified by Judge Baker in his concurring opinion, we are
confident with our determination in this case. “[W]e perceive no
reasonable possibility of benefit to [appellant] by remand of the record .
. . for reassessment of the sentence.” United States v. Sims, 57 M.J. 419,
422 (C.A.A.F. 2002) (citation omitted). Therefore, we dismiss the finding
of guilty for Specification 3 of Charge IV, affirm the remaining findings
of guilty, and affirm the sentence as approved by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court