UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant TIFFANY L. BIZZELL
 United States Army, Appellant

 ARMY 20060660

 Multi-National Corps - Iraq
 Michael J. Nelson, Military Judge
 Colonel Michele M. Miller, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Sean F. Mangan, JA; Major William M.
Fischbach III, JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Major Lisa L. Gumbs, JA; Major Teresa T. Phelps, JA (on
brief).

 20 November 2008

 --------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a special court-marital convicted
appellant, pursuant to her plea, of false official statement (one
specification), and contrary to her pleas, of robbery (two specifications),
in violation of Uniform Code of Military Justice [hereinafter UCMJ]
Articles 107 and 122; 10 U.S.C. §§ 907and 922 (2005). The military judge
sentenced appellant to a bad conduct discharge, confinement for three
months, forfeiture of $849.00 pay per month for three months, and reduction
to Private E1. The convening authority approved the adjudged sentence.
This case is before the court for review pursuant to Article 66, UCMJ.

 The appellant alleges in the sole assignment of error that
Specification 4 of Charge III fails to state an offense and is fatally
ambiguous. We accept the government’s concession to this error. We will
take appropriate corrective action in our decretal paragraph.

 We are confident that we can “reliably determine what sentence would
have been imposed at the trial level if the error had not occurred.”
United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986). Significantly, we
note there was no “relative change in sentencing landscape.” United States
v. Moffeit, 63 M.J. 40, 42-44 (C.A.A.F. 2006) (Baker, J., concurring). The
maximum possible punishment has not changed. The appellant remains
convicted of one specification of robbery, in Iraq, of Iraqi nationals
while performing duties as a truck commander of two junior soldiers, and of
one specification of making a false official statement by denying her
involvement in the robbery. At trial, her defense counsel, during his
sentencing argument, requested that the military judge sentence the accused
to a bad conduct discharge and minimal confinement. We are confident that
the military judge would have imposed a sentence of the same magnitude had
appellant been found not guilty of Specification 4 of Charge III. See
Moffeit, 63 M.J. at 42-44; Sales, 22 M.J. at 307.

 DECISION

 We have considered the remaining assignments of error, and those
matters personally asserted by appellant pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

 Considering the nature of the remaining findings of guilty, the entire
record, the sentence adjudged at trial, and applying the principles of
Sales, 22 M.J. at 305, and Moffeit, 63 M.J. at 40, 42-44, to include those
principles identified by Judge Baker in his concurring opinion, we are
confident with our determination in this case. “[W]e perceive no
reasonable possibility of benefit to [appellant] by remand of the record .
. . for reassessment of the sentence.” United States v. Sims, 57 M.J. 419,
422 (C.A.A.F. 2002) (citation omitted). Therefore, we dismiss the finding
of guilty for Specification 4 of Charge III, affirm the remaining findings
of guilty, and affirm the sentence as approved by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court