UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant COREY D. BOWMAN
 United States Army, Appellant

 ARMY 20080817

 Headquarters, 82nd Airborne Division
 Patrick J. Parrish and David L. Conn, Military Judges
 Lieutenant Colonel William A. Schmittel, Staff Judge Advocate (trial)
 Lieutenant Colonel Paul S. Wilson, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Major Julie Caruso
Haines, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Adam S. Kazin, JA; Captain Nicole L. Fish, JA (on
brief).

 19 October 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 An enlisted panel sitting as a general court-martial convicted
appellant, contrary to his pleas, of attempted indecent assault, assault
consummated by battery (two specifications)[1], indecent language (four
specifications), and indecent assault (four specifications), in violation
of Articles 80, 128, and 134, Uniform Code of Military Justice, 10 U.S.C.
§§ 880, 928, and 934. The convening authority approved the adjudged
sentence of reduction to the rank of Private (E-1) and a bad-conduct
discharge.
 Appellant alleges that the evidence is factually and legally
insufficient to support the findings of guilty to one specification each of
assault consummated by a battery and of indecent language. We agree, in
part.

 In Specification 1 of Charge III, appellant was convicted of, on
divers occasions, committing an assault consummated by a battery “upon then
[Staff Sergeant] T.W., a person not his wife, by pinning her to the wall,
rubbing her legs, and feeling her breasts and buttocks, with intent to
gratify his sexual desires.” We find no evidence that the assault occurred
more than once and will now except out the words “on divers occasions.”[2]

 In Specification 12 of Charge III, appellant was convicted of
indecent language for communication of certain language to Specialist TF.
We find no evidence certain language was used and will now except out the
words “I bet I can make you feel like no man has ever made you feel.”

 The remaining findings of guilty and the modified findings of guilty
to the two specifications discussed supra are affirmed. We have
considered the matters personally asserted by appellant pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without
merit. Considering the nature of the remaining findings of guilty, the
entire record, the sentence adjudged at trial, and applying the principles
of United States v. Sales, 22 M.J. 305, 307-309 (C.M.A. 1986) and United
States v. Moffeit, 63 M.J. 40, 42-44 (C.A.A.F. 2006), to include those
factors identified by Judge Baker in his concurring opinion in Moffeit, we
are confident in our ability to reassess the sentence. “[W]e perceive no
reasonable possibility of benefit to [appellant] by remand of the record
for reassessment of the sentence.” United States v. Sims, 57 M.J. 419, 422
(C.A.A.F. 2002) (citation omitted). We affirm the sentence as approved by
the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] The panel found appellant not guilty of two other indecent assault
specifications, but guilty of two specifications of Article 128, a lesser
included offense of Article 134 (indecent assault) under the Manual for
Courts-Martial, United States (2005 ed.) [hereinafter MCM]. The misconduct
underlying these specifications occurred between February and August 2007
and thus was charged under the 2005 edition of the MCM. Similarly,
appellant was convicted of the Article 80 attempt as a lesser included
offense of a charged specification of Article 134 (indecent assault).
[2] We are able to conduct a factual sufficiency review and affirm the
findings because we can confidently, and without any doubt, determine the
single occasion on which the conviction is based. See generally United
States v. Scheurer, 62 M.J. 100 (C.A.A.F. 2005).