UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Corporal RICHARD J. FARR
 United States Army, Appellant

 ARMY 20080099

 Headquarters, 82nd Airborne Division
 Patrick J. Parrish, Military Judge
 Lieutenant Colonel William A. Schmittel, Staff Judge Advocate (trial)
 Lieutenant Colonel Paul S. Wilson, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Lieutenant Colonel
Norman R. Zamboni, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Sara M. Root, JA; Captain Kevin F. Sweeney, JA (on
brief).

 20 October 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A panel composed of officer members sitting as a general court-martial
convicted appellant, contrary to his pleas, of conspiracy to commit
wrongful appropriation; absence without leave; violating a lawful general
regulation (ten specifications); maltreatment (five specifications); false
official statements (four specifications); assault consummated by battery
(two specifications)[1]; and indecent assault, in violation of Articles 81,
86, 92, 93, 107, 128, and 134, Uniform Code of Military Justice
[hereinafter UCMJ], 10 U.S.C. §§ 881, 886, 892, 893, 907, 928, and 934. The
panel sentenced petitioner to confinement for thirty months, reduction to
the rank of Private (E-1), total forfeiture of all pay and allowances, and
a dishonorable discharge. The convening authority approved the adjudged
sentence.

 Appellant raises four assignments of error related to factual and
legal sufficiency of the evidence. Government appellate counsel concur
with the merits of three of the assignments of error. The requested relief
for these three assignments of error requires our court to modify the
findings for the three affected specifications by excepting out the words
“on divers occasions” from each, which we now do for Specifications 1, 2,
and 6 of Charge IV.[2]

 The remaining assignment of error asserts the evidence is factually
and legally insufficient to find appellant ordered Private First Class
(PFC) M.M.C. to have dinner with him. We concur with appellate defense
counsel “after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could [not] have found the
essential elements of the crime beyond a reasonable doubt.” United States
v. Pabon, 42 M.J. 404, 405 (1995) (quoting Jackson v. Virginia, 443 U.S.
307, 319 (1979) (emphasis omitted)), cert denied, 516 U.S. 1075 (1996).[3]
As such, we set aside and dismiss the finding of guilty to Specification 1
of Charge V.

 Finally, appellate defense counsel request that we reassess
appellant’s sentence. In United States v. Moffeit, 63 M.J. 40 (C.A.A.F.
2006), our superior court reaffirmed the standard for sentence
reassessment. “[I]f the court can determine to its satisfaction that,
absent any error, the sentence adjudged would have been of at least a
certain severity, then a sentence of that severity or less will be free of
the prejudicial effects of error . . . .” Id. at 41 (quoting United States
v. Sales, 22 M.J. 305, 308 (C.M.A. 1986)). In curing the errors through
reassessment, we must assure the sentence is “equal to or no greater than a
sentence that would have been imposed if there had been no error.” Id.
(citing Sales, 22 M.J. at 308). See also United States v. Suzuki, 20 M.J.
248, 249 (C.M.A. 1985) (requiring “that the sentence is no greater than
that which would have been imposed if the prejudicial error had not been
committed”). Under the circumstances of this case, we are confident that a
sentence rehearing is not necessary.

 The excepted language and set aside finding do not dramatically
change the sentencing landscape in this case. The maximum possible
punishment to which appellant would have been exposed at trial is only
slightly reduced from 52 to 51 years, and the adjudged sentence remains
well below the authorized maximum. The offensive nature of appellant’s
remaining 23 offenses, when coupled with the presentencing evidence, leaves
us secure in our position the panel would have imposed a sentence of a
certain magnitude had appellant been convicted of only the remaining
charges and specifications. Therefore, we can reliably determine the
sentence the panel would have imposed had appellant’s trial been error
free.

 Reassessing the sentence on the basis of the modified findings, the
entire record, and in accordance with the principles of Sales, 22 M.J. at
307-309 and Moffeit, 63 M.J. at 42-44, to include those factors identified
by Judge Baker in his concurring opinion in Moffeit, we are confident with
our determination in this case. “[W]e perceive no reasonable possibility
of benefit to [appellant] by remand of the record . . . for reassessment of
the sentence.” United States v. Sims, 57 M.J. 419, 422 (C.A.A.F. 2002)
(citation omitted). We affirm the remaining findings of guilty, and affirm
the sentence as approved by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] The panel found appellant not guilty of two other indecent assault
specifications but guilty of two specifications of Article 128, a lesser
included offense of Article 134 (indecent assault) under the Manual for
Courts-Martial, United States (2005 ed.) [hereinafter MCM]. The misconduct
underlying these specifications occurred in May and June 2007 and thus was
charged under the 2005 edition of the MCM.
[2] We are able to conduct a factual sufficiency review and affirm the
findings because we can confidently, and without any doubt, determine the
single occasion on which the conviction is based. See generally United
States v. Scheurer, 62 M.J. 100 (C.A.A.F. 2005).

[3] The trial counsel never elicited testimony from PFC M.M.C. about any
specific order by appellant for PFC M.M.C. to go to dinner with him. No
testimony in the record concerns any dates on which such an order may have
been given, the time of day of such order, the name of the eating
establishment, or whether the establishment served dinner. While there is
evidence appellant ordered PFC M.M.C. to act as his designated driver so
appellant could go out drinking, to include a place called “Spinners,”
there is no evidence Spinners served dinner or appellant ordered PFC M.M.C.
to eat with him there. In fact, evidence in the record depicts Spinners
more as a late-night drinking “club” rather than a restaurant. See Record
of Trial 424-25 and 520 (unrebutted testimony of both Specialist K.I. and
appellant, respectively, describing dinner at a “restaurant” called
“Samurai” followed by continued drinking at a “club” called “Spinners”).