BAKER, Chief Judge
(dissenting):
The first question presented is whether indecent acts is a lesser included offense of aggravated assault. It is, under any lesser included offense doctrine adopted by this Court during the last sixty years. An accused would be on fair notice that the offense of indecent acts is a lesser included offense of the offense of aggravated sexual assault.
The next question presented is whether indecent acts is a lesser included offense, as charged in this case. Appellant was charged with aggravated sexual assault, to wit, the digital penetration of the vagina of a person who was substantially incapable of declining participation in the sexual act. This charge and specification were based on Appellant’s conduct while the victim was bent over vomiting into a bathroom sink while another ser-vicemember sought to help her. In addition to instructing on this offense, the military judge instructed on the lesser included offense of indecent acts. The offense of indecent acts requires proof of two elements: (1) that the accused engaged in certain conduct and (2) that the conduct was indecent. Man *199 ual for Courts-Martial, United States pt. IV, para. 45.b.(11) (2008 ed.) (MCM). Indecent, in conduct cases, is defined as “that form of immorality relating to sexual impurity that is not only grossly vulgar, obscene, and repugnant to common propriety, but also tends to excite lust and deprave the morals with respect to sexual relations.” MCM pt. IV, para. 45.c.(3).
Digitally penetrating a woman’s vagina is certain conduct. Doing so while she is bent over a sink vomiting and intoxicated is some evidence that the conduct was grossly vulgar (1) in the absence of consent, or (2) when done with consent when third parties are present. This Court has found that the “open and notorious” nature of sexual conduct, including between consenting adults with third parties present, can be considered a factual circumstance warranting an instruction on the offense of indecent acts. United States v. Izquierdo, 51 M.J. 421, 422-23 (C.A.A.F.1999) (citations and internal quotation marks omitted). Thus, Appellant was on notice of at least two bases upon which his conduct might be found indecent, distinct from the possibility that KAS was substantially incapable of declining participation in the act.[1]
Attention to the military judge’s instructions is central to these conclusions. The military judge instructed the members on the elements of aggravated sexual assault as follows:
In order to find the accused guilty of [aggravated assault], you must be convinced by legal and competent evidence beyond a reasonable doubt:
One, that ... the accused engaged in a sexual act, to wit: digital penetration of the vagina, with [the victim]; and
Two, that the accused did so when [the victim] was substantially incapable of declining participation in the sexual act.
The military judge defined “[s]exual act” as “penetration, however slight ... of the genital opening of another by a hand or finger or by any object, with an intent to abuse ... or degrade any person or to arouse or gratify the sexual desire of any person.” The military judge also defined the term consent and advised the members that it was a defense to the offense of aggravated sexual assault.
After instructing on several other relevant terms, the military judge advised the members that indecent acts was a lesser included offense to the aggravated sexual assault offense at issue here. He instructed them that the elements of this offense were:
One, that ... the accused engaged in certain wrongful conduct, to wit: digital penetration of the vagina of [the victim]; and Two, that the conduct was indecent.
Emphasis added. The military judge defined “[i]ndeeent conduct” as “that form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations.” The military judge also instructed the members on the term “[wrongful,” stating that it means, “without legal justification or lawful excuse.” Finally, the military judge advised the members, “This lesser included offense differs primarily from the charged offense [aggravated sexual assault] in that this offense does not require as an essential element that the accused digitally penetrated [the victim] when she was substantially incapable of declining participation in the sexual act.”
The military judge’s instruction recognized the relationship between the term “[wrongful,” as it related to his instruction on indecent acts, and the concept of consent as that term related to the offense of aggravated sexual assault. Thus, the instruction contemplated a situation where the members might not have found beyond a reasonable doubt that the victim was substantially incapable of declining participation, and were then left to decide whether or not the victim consented. In other words, notwithstanding in *200 sufficient proof on the second element of aggravated sexual assault, the members could have found that although the victim might have been capable of declining participation, she nonetheless did not consent. Under the military judge’s instruction to the members on the first element of indecent acts, the accused’s conduct would still be ■wrongful because obviously he would have had no justification or excuse for acting as he did. Digitally penetrating someone who is intoxicated and does not consent is grossly vulgar conduct.
Conversely, if the members found that the victim consented, then they would be required to acquit on the greater offense, but still be required to consider the lesser included offense given the presence of the third party. The military judge appropriately discerned the need to address this contingency of proof by instructing with respect to the lesser offense that, “In the absence of aggravating circumstances, private consensual sexual activity ... is not punishable as an indecent act. Among possible aggravating circumstances is that the sexual activity was open and notorious.” Emphasis added. This was simply a recognition that under certain circumstances even consensual activity could be punishable. Furthermore, it addressed the factual circumstance that had arisen in the case about what had occurred in the bathroom and who was present. Moreover, if the members had found that the alleged victim consented, Appellant still would have had no legal justification or excuse for committing the alleged sexual act in the bathroom with a third party present and his act would have thus been wrongful.
In its consideration of the concept of open and notorious conduct, the majority appears to make the same mistake as the Government in its brief, concluding that the only way Appellant could have committed the offense of indecent acts was through open and notorious conduct and since the charge did not specify such conduct he was not on notice of the lesser included offense. First, the term “open and notorious” is not an element of the offense. Second, .open and notorious conduct is not a separate theory of prosecution like those contained in the three clauses of Article 134, UCMJ, 10 U.S.C. § 934 (2006). “Open and notorious” conduct is one way in which someone can commit an indecent act. If one is charged with an aggravated sexual assault, which occurs in front of others, one is necessarily on notice that the lesser included offense of indecent acts can be demonstrated by open and notorious conduct. The government is not required to charge every possible factual pattern under which the offense might be proved.
Moreover, with regard to the digital penetration in the bathroom, there is no evidence that the intoxicated victim vomiting into the sink consented. Thus, it is not clear how the majority now concludes the Appellant was convicted on the basis of his open and notorious conduct. There was more than one way in which Appellant could have committed the lesser offense of indecent acts. Clearly, Appellant was on notice that his actions presented some evidence of grossly vulgar conduct and was clearly repugnant to common propriety.
The military judge’s instruction on what constituted a sexual act under aggravated sexual assault also included the intent to abuse or degrade any person or to arouse or gratify sexual desires. His instruction on indecent conduct described conduct which was “grossly vulgar, obscene, and repugnant” and tended to “excite sexual desire.” It is difficult to conclude, in my view, how this latter description is not also included within the former “intent to abuse ... or degrade any person or to arouse or gratify the sexual desire of any person.” Likewise, it is difficult to conclude how the evidence emerging from the record of what occurred in the bathroom does not fit these legal definitions as well.
Thus, given the relationship between the definitions given the members on wrongfulness and consent and the relationship between the definitions of a sexual act and indecent conduct in this ease, I conclude quite easily that indecent acts as instructed upon in this case was included within the first element of the greater charged offense of aggravated sexual assault.
*201 Finally, I respectfully disagree with the majority’s conclusion that “[A] greater offense will always have at least one additional element not found in the lesser-included offense. Otherwise, the two crimes would be the same.” Tunstall, 72 M.J. at 195 n. 3 (brackets and emphasis in original) (citation and internal quotation marks omitted). Although this is indeed one way in which a greater and lesser included offense situation might arise, it is not the only way. For example, rebanee on this proposition ignores the rather classic greater and lesser offense relationship between larceny and wrongful appropriation. Under the MCM, each of these offenses has four elements. MCM pt. IV, para. 46.b.(l)-(2). The last element in larceny requires the intent to permanently deprive while the last element of wrongful appropriation requires only the intent to temporarily deprive. Id. Obviously, rather than containing an additional element, the greater offense merely contains an element that requires a different degree of deprivation.
In sum, because the offense of indecent acts is a lesser included offense of aggravated sexual assault in general and as charged in this case, and because it was properly instructed upon, I respectfully dissent.

. Having adopted a strict elements approach to lesser included offenses, the majority determines that aggravated sexual assault and indecent acts have the same elements, but that indecent acts is not a lesser included offense in this case because the factual theory of open and notorious conduct in the case was not charged. United States v. Tunstall, 72 M.J. 191, 193-94, 195-96 (C.A.A.F. 2013).