# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CURTIS E. LACEFIELD**
**United States Army, Appellant**

ARMY 20120598

Headquarters, 1st Cavalry Division
Patricia H. Lewis, Military Judge
Lieutenant Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

19 February 2014

----------------------------------
MEMORANDUM OPINION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of receipt of child pornography and possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].[1] The military judge sentenced appellant to a dishonorable discharge, confinement for nine years, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for fourteen months confinement, a dishonorable discharge, and reduction to E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises six assignments of error. Four errors warrant discussion and relief. Those errors are: (1) the offenses of receipt and possession of the same child pornography are multiplicious; (2) these two specifications are an unreasonable multiplication of charges; (3) the government failed to prove appellant's conduct was prejudicial to

----

[1] A third Article 134, UCMJ, specification, wrongfully and knowingly possessing five videos of animals engaged in sexual acts with people, was dismissed with prejudice pursuant to the plea agreement.

good order and discipline; and (4) there is a substantial basis in law or fact to question the providence of appellant's plea. The remaining two assignments of error and those matters raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit. The government concedes the discussed errors. We accept all but one of the government's concessions and provide relief in our decretal paragraph.

## BACKGROUND

On or about 25 October 2010, appellant was performing Charge of Quarters (CQ) duty with Private (PV2) BW, another soldier in his unit. While on duty, appellant gave PV2 BW his external computer hard drive so that PV2 BW could watch movies while appellant left the area to check on his family. Private BW looked through the files on appellant's hard drive and came across a file folder named "My Porn." He opened the file folder and saw a file named "9yosuck." Believing it to be mislabeled, he opened the file and viewed a video of an adult male placing his penis inside the mouth of a female child estimated to be between eight and ten years old. The adult male was simultaneously rubbing the female child's vagina with his hand. In portions of the video, the female's ankles were bound to her thighs and she was blindfolded.

Private BW closed the file and opened another media file named "Mafia Initiation." It also contained child pornography. Other file names alerted PV2 BW that there were more child pornography files in the folder. Private BW closed the pornographic files and watched a movie until appellant returned.

The next day, PV2 BW reported what he saw to his chain of command. A search of appellant's laptop computer and external hard drive revealed the presence of fifteen videos of child pornography. The search also revealed a "text file" containing a list of three video titles of what appeared to be child pornography. This text file contained no images, only titles.

As a result of this discovery, appellant was charged, *inter alia*, with one specification of possessing fifteen videos of child pornography, and one specification of receiving fifteen videos of child pornography. The specifications read as follows:

> SPECIFICATION 1: In that [appellant], U.S. Army, did, between on or about 1 May 2010 and on or about 1 November 2010 at Fort Hood, Texas, a place under exclusive or concurrent federal jurisdiction, wrongfully and knowingly possess at least 15 videos of child pornography on a media storage device and laptop computer in violation of 18 United States Code section 2252A(a)(5)(A) and which conduct, under the circumstances, was to the prejudice of good order and discipline

> in the armed forces and was of a nature to bring discredit upon the armed forces.
>
> SPECIFICATION 2:  In that [appellant], U.S. Army, did, between on or about 1 May 2010 and on or about 1 November 2010, at Fort Hood, Texas, wrongfully and knowingly receive at least 15 videos of child pornography in violation of 18 United States Code section 2252A(a)(2)(B), which conduct, under the circumstances, was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

Appellant pleaded guilty consistent with a pretrial agreement, and the military judge found him guilty of these specifications.  In doing so, the military judge made "special" written findings listing the child pornography videos she found the appellant guilty of "*possessing* pursuant to The (sic) Specification of The Charge." (emphasis added).  She did not, however, make special written findings in reference to appellant *receiving* child pornography in accordance with Specification 2 of The Charge.

## LAW AND DISCUSSION

*Multiplicity and Unreasonable Multiplication of Charges*

Appellant asserts the military judge committed plain error in failing to find Specifications 1 and 2 multiplicious, both as drafted and as discussed during the providence inquiry.  Appellant also asserts the military judge erred in failing to find Specifications 1 and 2 constituted an unreasonable multiplication of charges. Appellant argues the specifications are facially duplicative, that his conviction of both specifications constitutes plain error, and that one specification must be set aside.  Based on the facts of this case, the government concedes Specifications 1 and 2 of The Charge are multiplicious and requests that this court set aside Specification 2.  We agree.

Federal law recognizes that a conviction for both receipt and possession of the same images can violate the Constitution's Fifth Amendment Double Jeopardy Clause.  *United States v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011).  "If the government wishes to charge a defendant with both receipt and possession . . . based on separate conduct, it must distinctly set forth each medium forming the basis of the separate counts."  *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008).

In this case, the language of the two specifications of possessing and receiving child pornography indicate the offenses arose at the same time, at the same location, and involve the same number of images of child pornography.  Nothing in the record sufficiently distinguishes that appellant's possession was not incidental to

his receipt of the same fifteen images. While it may have been possible for the government to distinguish the specifications by demonstrating the images were different, acquired on different dates, or stored on different media devices, the government failed to do so, and the military judge failed to elicit information during the providence inquiry to support any of these propositions. As such, we find Specifications 1 and 2 of The Charge are multiplicious. Based on the foregoing, we need not reach the issue of unreasonable multiplication of charges. In this case, one specification must be dismissed. *See, e.g.*, *United States v. Marko*, 60 M.J. 421 (C.A.A.F. 2004). Given the military judge's special findings only covered appellant possessing child pornography and the government's request to dismiss Specification 2, we will dismiss that specification of receipt of child pornography.

### The Conjunctive Terminal Element

Appellant asserts the military judge erred in failing to elicit a factual basis to establish appellant's conduct was both prejudicial to good order and discipline and service discrediting. The government concedes this point. We agree.

At the outset, during the providence inquiry, the military judge listed the Article 134, UCMJ elements of Specifications 1 and 2 of The Charge in the conjunctive to include both "to the prejudice of good order and discipline in the armed forces" and "of a nature to bring discredit upon the armed forces." When she asked appellant to explain how his behavior met both standards, appellant responded "the offense was prejudicial to good order and discipline because it shifted [the] leadership's focus off of mission and made them deal with [my] issues."

Appellant's explanation refers to the command's response to his behavior rather than how the underlying misconduct created a direct effect on good order and discipline. *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 60.c(2)(a) ("'To the prejudice of good order and discipline' refers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial only in a remote or indirect sense"). Neither the stipulation of fact nor the colloquy satisfied the providency requirement for this element. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). We will, therefore, dismiss the language "was to the prejudice of good order and discipline and" from the remaining specification. Nonetheless, the stipulation of fact and the providence inquiry adequately established that the conduct was service discrediting.

### Substantial Basis in Law or Fact

Appellant contends there is a substantial basis in law or fact to question appellant's plea to six of the fifteen child pornography videos, in that the military

judge listed two videos in her special findings that do not exist[2] and listed *four* videos that are copies of portions of four other child pornography videos to which the appellant pleaded guilty.

The government concedes that *five* of the child pornography videos listed by the military judge in her special findings are shorter versions of five other full-length child pornography videos that appellant possessed. We do not, however, accept the concession that the appellant cannot be found guilty of possessing the shorter "preview" versions of the child pornography.

Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Sims*, 57 M.J. 419, 421 (C.A.A.F. 2002); *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). In short, "the accused must be convinced of, and able to describe all the facts necessary to establish guilt." Rule for Courts-Martial 910(e). In analogous cases, where the appellant, on appeal, attacks the factual basis for the charged elements of the offense, our superior court has declared that:

> [I]n the guilty-plea context, the Government does not have to introduce evidence to prove the elements of the charged offense beyond a reasonable doubt; instead, there need only be "factual circumstances" on the record "which 'objectively' support" the guilty pleas . . . .

*United States v. James*, 55 M.J. 297, 300 (C.A.A.F. 2001) (citing *United States v. Shearer*, 44 M.J. 330, 334 (C.A.A.F. 1996)). "In determining the providence of [an] appellant's pleas, it is uncontroverted that an appellate court must consider the entire record in a case." *United States v. Johnson*, 42 M.J. 443, 445 (C.A.A.F. 1995). The standard of review is whether the record reveals a "substantial basis in law or fact" to question the plea. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013). *See also United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)

Prosecution Exhibit 2, a single video disc, contains fifteen child pornography video files and one file with no video images, only text. Each of the fifteen child pornography videos has a separate video name and file size. While five of the videos are shorter versions of five other full-length videos on the disc, none are identical to any other.

---

[2] Appellant asserts in assignment of error V that videos eleven and fifteen "do not exist." No further explanation is provided. Video eleven is a duplicative listing of the same title as video ten. Two videos with the same name do not appear on the actual video disc. Video fifteen in the military judge's special findings is the video described in the narrative portion of the stipulation of fact, but not listed by number.

In her special written findings, the military judge listed fifteen videos that were covered in the stipulation of fact. In her findings, the military judge included a video discovered by PV2 BW and described in the in the stipulation of fact, but not included on the disc, Prosecution Exhibit 2. The stipulation, however, contains what appears to be a typographical error in that videos ten and eleven are given the same name. This is a single video listed twice—not two copies of the same video appearing separately on the video disc. The military judge repeated this typographical error in her special findings.

Two child pornography files are contained on the video disc but are not listed in either the stipulation of fact or in the military judge's special findings.

Having examined the providence inquiry in light of *Davenport*, 9 M.J. 364, and *Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, and after considering all of the evidence admitted at trial and the military judge's special findings, we are convinced that there is no substantial basis in law or fact to question the providence of appellant's guilty plea to possession of fourteen child pornography videos. The fourteen videos include the video discovered by PV2 BW, "9yosuck," and the remaining videos the military judge listed in her special findings, except for the video she listed twice as both video ten and eleven. We only find appellant guilty of possessing this single video once, not twice.

Despite the government's concession, we include in the fourteen videos the five "preview" videos which are shorter versions of the full-length videos contained on the video disc. We do not find the shorter videos to be duplicative of the longer videos. The "preview" versions are not identical to the extended versions—they have distinctly different file names and are different sizes. Furthermore, appellant agreed during the providence inquiry as well as in the stipulation of fact that he possessed the fourteen videos for which we are ultimately approving findings of guilty.

Two child pornography video files that are contained on the video disc are not listed in either the stipulation of fact or contained in the military judge's special findings. While the government requests this court to include these two videos in our findings, we will not do so because the military judge did not find appellant guilty of possessing these two videos in her special findings.

## CONCLUSION

On consideration of the entire record and the assigned errors, the finding of guilty of Specification 2 of The Charge is set aside and that Specification is dismissed. We AFFIRM only so much of Specification 1 of The Charge as finds that the appellant did:

between on or about 1 May 2010, and on or about 1 November 2010, at Fort Hood, Texas, a place under exclusive or concurrent federal jurisdiction, wrongfully and knowingly possess at least 14 videos of child pornography on a media storage device and laptop computer in violation of 18 United States Code section 2252A(a)(5)(A) which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

We AFFIRM the finding of guilty to The Charge.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Second, appellant pleaded guilty in a judge-alone court-martial. Third, we find the nature of the remaining offense captures the gravamen of the original specifications, and the circumstances surrounding appellant's conduct remain admissible with respect to the remaining offense, including the aggravating nature of one video depicting underage bondage and the graphic sexual nature of the others. Finally, based on our experience, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the noted errors, the amended finding of guilty, and the entire record including those matters presented by appellant pursuant to *Grostefon,* we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for thirteen months, and reduction to the grade of E-1. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7