UNITED STATES, Appellee

v.

Antonio M. CASTELLANO, Lance Corporal
U.S. Marine Corps, Appellant

No. 12-0684

Crim. App. No. 201100248

United States Court of Appeals for the Armed Forces

Argued January 23, 2013

Decided May 23, 2013

RYAN, J., delivered the opinion of the Court, in which BAKER,
C.J., ERDMANN, J., and EFFRON, S.J., joined. STUCKY, J., filed
a separate concurring opinion.

Counsel

For Appellee: Major Crista D. Kraics, USMC (argued); Colonel
Stephen C. Newman, USMC, and Brian K. Keller, Esq. (on brief).

For Appellant: Captain Michael D. Berry, USMC (argued).


Military Judge: David M. Jones



**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted Appellant, consistent with his plea, of one specification of adultery, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). Contrary to his pleas, a panel of members with enlisted representation sitting as a general court-martial convicted Appellant of one specification of attempted adultery, two specifications of indecent conduct, one specification of sodomy,[1] and two specifications of assault consummated by a battery,[2] in violation of Articles 80, 120, 125, and 128, UCMJ, 10 U.S.C. §§ 880, 920, 925, and 928, respectively.

The adjudged sentence provided for confinement for a period of eighteen months, forfeiture of all pay and allowances, a bad-conduct discharge, and reduction to E-1. The convening authority approved the sentence and ordered all but the punitive discharge to be executed.

The United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) set aside the findings of guilty as to the two

---

[1] Appellant was found not guilty of forcible sodomy, but guilty of the lesser included offense (LIO) of sodomy, not involving force, in violation of Article 125, UCMJ.

[2] Appellant was found not guilty of two specifications of aggravated sexual contact, but guilty of the LIO of assault consummated by a battery, in violation of Article 128, UCMJ.

specifications of assault consummated by a battery, but affirmed the remaining findings.[3]  The NMCCA then conducted a sentence reassessment and affirmed the sentence as approved by the convening authority.  United States v. Castellano, No. 201100248, slip op. at 9 (N-M. Ct. Crim. App. Jun. 26, 2012).

On October 17, 2012, we granted Appellant's petition to consider the following issue:

> IN MILLER v. CALIFORNIA, THE SUPREME COURT HELD THAT THE TRIER OF FACT MUST DETERMINE WHETHER JUDICIALLY-CREATED FACTORS THAT DISTINGUISH BETWEEN CONSTITUTIONALLY-PROTECTED AND CRIMINAL CONDUCT ARE SATISFIED.  THE FACTORS IDENTIFIED IN UNITED STATES v. MARCUM ARE AN EXAMPLE OF SUCH FACTORS BUT THE LOWER COURT HELD THAT THE MILITARY JUDGE MUST DETERMINE WHETHER THE MARCUM FACTORS ARE SATISFIED.  WHO DETERMINES WHETHER THEY HAVE BEEN SATISFIED?[4]

In United States v. Marcum, consistent with the Supreme Court's holding in Lawrence v. Texas, 539 U.S. 558 (2003), this Court recognized that although "Article 125[, UCMJ,] prohibits every kind of unnatural carnal intercourse," wholly private, consensual sexual activity between adults otherwise proscribed by Article 125, UCMJ, is constitutionally protected.  Marcum, 60 M.J. 198, 202, 206-07 (C.A.A.F. 2004) (citation omitted).  Thus,

---

[3] The assault consummated by a battery convictions were set aside because the NMCCA concluded that it was prejudicial error for the military judge to fail to instruct the members that mistake of fact as to consent is a defense to this offense. Castellano, No. 201100248, slip op. at 5-6.

[4] United States v. Castellano, 71 M.J. 445 (C.A.A.F. 2012) (order granting review).

by construing Article 125, UCMJ, to reach only those acts of sodomy that involve factors that remove sexual activity from the scope of Lawrence's protected interest (Marcum factors[5]), we upheld the statute as constitutional. Id. at 206-07. Today, we are not asked to reexamine the delineation between conduct that may be criminalized and conduct that may not; rather, we are asked to determine whether the existence of a Marcum factor is to be decided by the military judge, as a question of law, or by the trier of fact.

Marcum factors, including those that track the aggravating factors that the President has also identified for the purpose of sentencing in the discussion to Article 125, UCMJ, see Manual for Courts-Martial, United States pt. IV, para. 51.b.(2)-(4) (2008 ed.) (MCM) (listing as aggravating factors that the act was done with a child or by force and without consent of the other person), are critical to an Article 125, UCMJ, conviction because, in the absence of such additional factors, an act of sodomy may not be criminalized. See United States v. Wilson, 66 M.J. 39, 41 (C.A.A.F. 2008); Marcum, 60 M.J. at 203-08. Therefore, we hold that the existence of the additional factor

---

[5] We use this term to refer to any factor that removes the sexual conduct from the scope of Lawrence's protected interest, including those "additional factors relevant solely in the military environment that affect the nature and reach of the Lawrence liberty interest." Marcum, 60 M.J. at 207.

4

that makes an act of sodomy criminal must be determined by the trier of fact.[6]  See In re Winship, 397 U.S. 358, 364 (1970); cf. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

In this case, the Marcum factor that the military judge identified was not presented to the trier of fact.  Rather, the members were instructed that they could convict Appellant of sodomy if they found nothing more than that the physical act had occurred.  We hold that the military judge's decision to determine that a Marcum factor existed himself rather than instruct the members that they must determine the existence of a Marcum factor was error, and that this error materially prejudiced Appellant's due process rights under the Fifth and Sixth Amendments.

## I.  FACTS

On September 16, 2009, Appellant, a married man, engaged in oral sodomy and sexual intercourse with Lance Corporal (LCpl) B at LCpl B's off-base apartment.  LCpl B was a fellow Marine and the next-door neighbor of Appellant and his wife.  Although both Appellant and LCpl B were assigned to the Marine Aviation Logistics Squadron 36 (MALS-36), LCpl B stated that she did not

---

[6] Of course, nothing we say here alters the military judge's duty to present the law and identify through appropriate instructions those facts or factors that may, if found by the trier of fact, place the conduct outside the liberty interest identified in Lawrence and recognized by Marcum.  See Rule for Courts-Martial (R.C.M.) 920.

work with Appellant. Immediately following the incident, LCpl B called LCpl Clark, who was also assigned to MALS-36, and informed him of what had happened. The following day, LCpl B told the Uniform Victim Advocate about the incident. Thereafter, LCpl B reported the sexual encounter with Appellant to Naval Criminal Investigative Service as forcible rape and forcible sodomy.

Among others, a charge of forcible sodomy was referred to a court-martial. The specification at issue -- Charge III, Specification 2 -- stated that: "Lance Corporal Antonio M. Castellano, U.S. Marine Corps, on active duty, did . . . commit sodomy with the said [LCpl B], U.S. Marine Corps, by force and without consent of [LCpl B]." Appellant pleaded not guilty to Charge III, Specification 2.

During an Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing held after the close of the defense's case on the merits, the military judge indicated that, with regard to Charge III, Specification 2, he would instruct the panel on the LIO of sodomy, not involving force, in violation Article 125, UCMJ, explaining his belief that Appellant's conduct had "a military connection and that somehow it would therefore be beyond the Lawrence [l]iberty interest." The military judge also indicated his intent to put specific findings on the record to address the three-part test established in Marcum, 60 M.J. at 206-07.

6

Defense counsel objected to the military judge's decision to instruct on the LIO, asserting that:

> [H]ere none of [the Marcum] factors are present. There is a service connection between [Appellant], [Appellant's wife], and [LCpl B]. But it's the defense's position that that doesn't -- that that conduct still falls underneath the protected liberty interest of Lawrence v. Texas . . . .

The military judge overruled defense counsel's objection.

As it relates to Charge III, Specification 2, the military judge's instruction stated that:

> Sodomy is unnatural carnal copulation. Unnatural carnal copulation occurs when the person penetrates the female sex organ with his mouth, lips, or tongue. Penetration of the female sex organ, however slight, is required to establish this offense.

The military judge then instructed on the elements of "by force" and "without consent."

The military judge further instructed the members that:

> Consensual sodomy is a[n LIO] of the offense of sodomy by force and without consent. . . . [If] you are convinced beyond a reasonable doubt that an act of sodomy occurred between the accused and [LCpl B], you may find the accused guilty of . . . consensual sodomy. Neither force nor lack of consent are required to establish this [LIO].

Nowhere in his discussion of Charge III, Specification 2 did the military judge instruct the members on the Marcum factors.

While the members deliberated, the military judge made specific findings on the record with regard to his Marcum

determination:

> [T]he bottom line in this case was that I thought the additional factors that were relevant strictly in a military environment which would put this beyond the Lawrence liberty interest would be the fact of the accused being married to a fellow service member living next door principally and therefore that these actions between neighbors when all three of these individuals belonged to the military had the potential to be prejudicial to good order and discipline or service discrediting certainly but this [sic] outside the Lawrence liberty interest. . . .
>
> And I instructed them on consensual sodomy because again I believe that been given [sic] the factual scenario of this case, that it takes it outside the Lawrence v. Texas scenario liberty interest [sic] carved out by the [S]upreme [C]ourt . . . .[7]

Ultimately, the members found Appellant not guilty of forcible sodomy, but guilty of the LIO of sodomy, not involving force.

---

[7] We note that the military judge's explanation as to why Appellant's conduct was not protected dovetails with the terminal element of Article 134, UCMJ. But see MCM pt. IV, para 60.c.(1), (5)(a) (2008 ed.). We are reversing the conviction, so this case does not present issues related to either the breadth of the savings construction of Article 125, UCMJ, or the rational basis for the disparate sentencing scheme in the wake of the Don't Ask, Don't Tell Repeal Act of 2010, Pub. L. No. 111-321, § 2(f)(1)(A), 124 Stat. 3515, 3516 (2010), between sodomy and other offenses implicating sexual acts under the UCMJ. See Jones v. United States, 529 U.S. 848, 857 (2000); City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985); cf. Honorable Walter T. Cox III et al., Report of the Commission on Military Justice, 14-15 (Oct. 2009) (recognizing that "[t]he new Article 120, combined with the availability of Articles 92, 128, and 134, provides an adequate basis to prosecute any criminal sexual misconduct"). Unless appropriately resolved beforehand by Congress or the President, we leave the resolution of those questions for a case in which they are preserved, raised, and briefed.

## II.  NMCCA DECISION

Before the NMCCA, as relevant to the issue before this Court, Appellant raised two assignments of error:

> III. WHETHER THE MILITARY JUDGE ERRED BY FAILING TO INSTRUCT THE MEMBERS THAT IT WAS THEIR DUTY AS FACTFINDER TO DETERMINE WHETHER APPELLANT'S CONSENSUAL SODOMY CHARGE MET THE FACTORS OUTLINED IN UNITED STATES v. MARCUM.
>
> IV. A SPECIFICATION IS CONSTITUTIONALLY DEFICIENT IF IT DOES NOT ALLEGE ALL OF THE ELEMENTS OF THE CHARGED OFFENSE AND FAIRLY INFORM THE ACCUSED OF WHICH HE MUST DEFEND.  WAS APPELLANT'S FORCIBLE SODOMY SPECIFICATION CONSTITUTIONALLY SUFFICIENT WHEN IT DID NOT ALLEGE ANY OF THE THEORIES OF CRIMINALITY OUTLINED IN UNITED STATES v. MARCUM?

Castellano, No. 201100248, slip op. at 3 n.2.

In a per curiam opinion, the NMCCA reasoned that because "'[t]he definition of the elements of a criminal offense is entrusted to the legislature,'" the factors set out in Marcum, 60 M.J. at 206-07, are not de facto elements of the offense of consensual sodomy.  Castellano, No. 201100248, slip op. at 7 (quoting Liparota v. United States, 471 U.S. 419, 424 (1985)). Consistent with this reasoning, the NMCCA held that neither (1) allowing the members to go forward on the LIO without instructing on the Marcum factors, nor (2) the Government's failure to allege a Marcum factor in Charge III, Specification 2, constituted error that materially prejudiced Appellant's substantial rights.  Accordingly, the NMCCA held that assignments of error III and IV did not merit relief.  Id. at 8.

9

### III.  DISCUSSION

### A.

In Lawrence, the Supreme Court identified a constitutionally protected liberty interest in private sexual activity between "full[y] and mutual[ly] consent[ing]" adults. 539 U.S. at 578.  At the same time, Lawrence suggested its own limits by stressing what facts were not involved in the decision:  "The present case does not involve minors.  It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused.  It does not involve public conduct or prostitution." Id.  In Marcum, we applied Lawrence in the military context and upheld the constitutionality of Article 125, UCMJ, construing it to reach only acts of sodomy that involve (1) a factor that Lawrence identified as not involved in that case, 539 U.S. at 578, or (2) "additional factors relevant solely in the military environment that affect the nature and reach of the Lawrence liberty interest."  Marcum, 60 M.J. at 206-07.  Thus, Lawrence identified a constitutionally protected liberty interest and defined its scope, and Marcum answered whether and how that interest applies in the military context.

Following Marcum, then, despite Article 125, UCMJ's broad language -- "prohibit[ing] every kind of unnatural carnal intercourse," 60 M.J. at 202 (citation omitted) -- the article

does not reach "an act of sodomy in private between consenting adults . . . absent some other fact."  Wilson, 66 M.J. at 41 (citing Lawrence, 539 U.S. at 578).  The issue before us today does not require that we reassess Marcum's line of demarcation between criminal and constitutionally protected sodomy.  Instead, we must determine whether the existence of the Marcum factor must be determined by the trier of fact.  We conclude that it must.

### B.

The lower court assumed, and the Government argues, that whether an act of sodomy involves a Marcum factor must be a question of law, to be decided by the military judge, since the Marcum factors are not elements of the offense of sodomy as defined by Congress.  Castellano, No. 201100248, slip op. at 7; Brief for Appellee at 21, United States v. Castellano, No. 12-0684 (C.A.A.F. Dec. 28, 2012).  We agree that none of the Marcum factors are statutory elements of Article 125, UCMJ.  See Article 125, UCMJ ("Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex . . . is guilty of sodomy."); see also Liparota, 471 U.S. at 424 ("The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely the creatures of statute.").  However, in cases such as this, where, but for the

presence of a Marcum factor, the act of sodomy would not be subject to criminal sanction, we disagree that whether a Marcum factor exists is solely a legal determination left to the military judge's discretion.  See In re Winship, 397 U.S. at 364 ("[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

First, we note that two of the Marcum factors, force and sexual activity with a child, were identified by the President as warranting additional penalties long before either Lawrence or Marcum were decided.  MCM ch. 25 para. 127c, ch. 28 para. 204(a) (1969 rev. ed.) (providing for increased maximum punishments).  While only Congress may define the elements of a criminal offense, Liparota, 471 U.S. at 424, there is no question that the President may identify factors that warrant an increase in the maximum punishment.  See Article 56, UCMJ, 10 U.S.C. § 856 ("The punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense."); see also Loving v. United States, 517 U.S. 748, 768, 773 (1996) (holding that Congress has the power to "delegate authority to the President to define the aggravating factors that permit imposition of a statutory penalty," and that "the President, acting in his constitutional

12

office of Commander in Chief, ha[s] undoubted competency to prescribe [aggravating] factors without further guidance"). There is also no question that these aggravating factors, although not elements, must be pleaded in the specification, instructed upon to the members, and determined by the trier of fact. See Apprendi, 530 U.S. at 490.

Second, in the context of a guilty plea, we held that a plea was improvident where there was no discussion of the Marcum factors between the military judge and the accused, noting that the presence of a Marcum factor is "a matter of 'critical significance'" because it "distin[guishes] between what is permitted and what is prohibited." Hartman, 69 M.J. at 468 (quoting United States v. O'Connor, 58 M.J. 450, 453 (C.A.A.F. 2003)) (holding that the guilty plea was improvident because the military judge's "inquiry did not reflect consideration of the Marcum framework"). Where, as here, the record supports a decision that the act of sodomy was private and was neither "by force" nor "without consent," it is altogether unclear why establishing the presence of a Marcum factor is somehow less critical to an Article 125, UCMJ, conviction simply because Appellant contested the charge. See Hartman, 69 M.J. at 468; see also United States v. Sims, 57 M.J. 419, 422 (C.A.A.F. 2002) (holding that a guilty plea to the offense of indecent acts was improvident because the plea failed to demonstrate that the

13

sexual conduct was "open and notorious").

Third, committing the determination whether a Marcum factor exists to the trier of fact is consistent with the Supreme Court's and this Court's treatment of judicially created standards that distinguish criminal conduct from that which is constitutionally protected in different contexts. See Miller v. California, 413 U.S. 15, 24 (1973) (establishing the "basic guidelines for the trier of fact" to distinguish obscenity from constitutionally protected speech) (emphasis added). For example, in the Article 134, UCMJ, context we have construed the enumerated offense of indecent acts with another,[8] MCM pt. IV, para. 90.b. (2005 ed.), not to reach the "wholly private moral conduct of an individual," but have treated "open and notorious" sexual acts as outside the private sphere. United States v. Berry, 6 C.M.A. 609, 614, 20 C.M.R. 325, 330 (1956) (quoting United States v. Snyder, 1 C.M.A. 423, 427, 4 C.M.R. 15, 19 (1952)); see also United States v. Izquierdo, 51 M.J. 421, 423 (C.A.A.F. 1999) (addressing whether there was legally sufficient

---

[8] Prior to October 1, 2007, indecent acts with another was properly charged under Article 134, UCMJ. See MCM, Punitive Articles Applicable to Sexual Offenses Committed Prior to 1 October 2007 app. 27 at A27-3 (2012 ed.). Similar sexual conduct committed during the period between October 1, 2007, and June 27, 2012, was charged as an indecent act under Article 120(k), UCMJ. See MCM, Punitive Articles Applicable to Sexual Offenses Committed During the Period 1 October 2007 through 27 June 2012 app. 28 at A28-2 (2012 ed.).

14

evidence for the members to find that the conduct was "open and notorious").  Whether consensual sexual activity between adults is subject to criminal sanction because it is "open and notorious" -- i.e., public as opposed to private under this Court's case law -- is a factual determination committed to the trier of fact.  See United States v. Goings, __ M.J. __, __ (9-10) (C.A.A.F. 2013); Izquierdo, 51 M.J. at 423; see also Sims, 57 M.J. at 422 (guilty plea context).

Fourth, there is no question that where, as here, an otherwise unconstitutional criminal statute is construed in such a way as to limit its reach to conduct that may constitutionally be subject to criminal sanction, the facts under that "saving construction" have constitutional significance.  These facts are critical to a conviction as, absent such facts, the conduct is not criminal.  Cf. Skilling v. United States, 130 S. Ct. 2896, 2933-34 (2010) (construing 18 U.S.C. § 1346's statutory term -- "a scheme or artifice to deprive another of the intangible right of honest services" -- to "encompass only bribery and kickback schemes" in order to avoid a void-for-vagueness concern, and concluding that appellant did not violate § 1346 because the government did not allege a bribery or kickback scheme).  Therefore, they must be determined by the trier of fact.  Cf. Apprendi, 530 U.S. at 490; Smith v. United States, 431 U.S. 291, 309 (1977) (holding that whether material satisfies the Miller

15

obscenity standard is a "fact question[] for the jury, to be judged in light of the jurors' understanding of contemporary community standards").[9]

For all of these reasons, we hold that whether a Marcum factor exists is a determination to be made by the trier of fact based on the military judge's instructions identifying facts or factors that are relevant to the constitutional context presented. Accordingly, here, the military judge's decision to determine the existence of the Marcum factor himself, and his failure to appropriately instruct the members, violated Appellant's right to due process.[10] See In re Winship, 397 U.S. at 364; cf. Apprendi, 530 U.S. at 490. Because the members were permitted to find Appellant guilty based on a finding that nothing more than an act of sodomy occurred, this error was not harmless beyond a reasonable doubt.

---

[9] Moreover we recognize each of the Marcum factors as "fact" questions in the commonsense meaning of the term; an act of sodomy either does, or does not, involve force, a child, "open and notorious" or public behavior, or prostitution, and, likewise, an act of sodomy either implicates a unique military interest or it does not.

[10] Of course, nothing we say here precludes an accused from: (1) challenging the sufficiency of the evidence supporting a conviction for consensual sodomy, see R.C.M. 917; (2) making out an as-applied challenge on the basis that his interests should overcome Congress' and the President's determinations that his conduct be proscribed, see United States v. Vazquez, 72 M.J. 13, 16-21 (C.A.A.F. 2013); or (3) moving to dismiss the consensual sodomy charges under R.C.M. 907(b)(1)(B). The resolution of those legal issues is left to the sound discretion of the military judge and appellate review.

IV.  DECISION

Because Appellant's Article 125, UCMJ, conviction rests on a factual circumstance that was not determined by the trier of fact, the decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed as to Specification 2, Charge III.  The findings of guilty of Specification 2 and Charge III and the sentence are set aside.  The remaining findings are affirmed.  The record of trial is returned to the Judge Advocate General of the Navy.  A rehearing on the affected charge and the sentence is authorized.

United States v. Castellano, 12-0684/MC

STUCKY, Judge (concurring)

I agree with the majority that "the military judge's decision to determine that a Marcum factor existed himself rather than instruct the members that they must determine the existence of a Marcum factor was error," and agree that the error materially prejudiced Appellant's due process rights. United States v. Castellano, ___ M.J. ___ (5) (C.A.A.F. 2013) (referring to factors delineated in United States v. Marcum, 60 M.J. 198, 206–07 (C.A.A.F. 2004)). However, for the reasons set out in my dissent in United States v. Goings, ___ M.J. ___ (9–14) (C.A.A.F. 2013) (Stucky, J., dissenting), I believe that the majority mischaracterizes Lawrence v. Texas, 539 U.S. 558 (2003).

I also disagree with the majority's use of the "open and notorious" standard as a metric for indecency. Castellano, ___ M.J. at ___ (14–16 n.9); see also Goings, ___ M.J. at ___ (13–14) (Stucky, J., dissenting). I do not believe that the broad holding of United States v. Berry, 6 C.M.A. 609, 20 C.M.R. 325 (1956), remains good law after Lawrence. Similarly, I question the majority's suggestion that the type of "public conduct" the Supreme Court envisioned as a possible exception to the liberty interest in Lawrence is equivalent to the conduct this Court deemed "open and notorious" prior to Lawrence. Castellano ___ M.J. at ___ (15, 16 n.9); Lawrence, 539 U.S. at 578; Goings, ___

M.J. at ___ (10–14) (Stucky, J., dissenting); see also Berry, 6 C.M.A. at 614, 20 C.M.R. at 330 (holding that an act is "open and notorious" if the participants know that a third person is present).

I therefore concur.