# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMIL V. WILLIAMS**
**United States Army, Appellant**

ARMY 20090619

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Lieutenant Colonel Anthony T. Febbo, Acting Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Barbara A. Snow-Martone, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (reply brief).

For Appellee:  Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Daniel H. Karna, JA (on brief).

26 June 2013

---------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------------

Per Curiam:

A panel of officers and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of absence without leave terminated by apprehension, willfully disobeying a superior commissioned officer, violation of a lawful general regulation, false official statement, consensual sodomy, assault consummated by a battery, adultery, and obstructing justice, in violation of Articles 86, 90, 92, 107, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 907, 925, 928, 934 (2006) [hereinafter UCMJ]. *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶¶ 62.b. and 96.b.  The panel sentenced appellant to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 116 days of pretrial confinement against the sentence to confinement.

WILLIAMS—ARMY 20090619

On 21 December 2011, we issued a decision in this case, affirming the findings of guilty and the sentence. On 10 July 2012, our superior court reversed our decision as to Charge IV and its Specification (adultery in violation of Article 134, UCMJ), as to Additional Charge V, Specification 1 (obstructing justice in violation of Article 134, UCMJ), and as to the sentence and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). On 30 July 2012, in light of *Humphries*, we set aside appellant's convictions for adultery and obstructing justice, reassessed and affirmed the sentence. On 13 June 2013, our superior court reversed our decision as to Charge II and its specification, and the sentence, in light of *United States v. Castellano*, 72 M.J. 217 (C.A.A.F. 2013), and returned the record of trial to The Judge Advocate General of the Army for remand to this court to either dismiss Charge II and its specification and reassess the sentence based on the affirmed findings or order a rehearing on the affected charge and the sentence.

For the sake of judicial economy, in light of the aggravated nature of the remaining offenses and recognition that, under the circumstances of this case, the sentencing landscape does not significantly change with dismissal of the consensual sodomy charge, we dismiss Charge II and its specification and reassess the sentence. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986); *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006)

The finding of guilty of Charge II and its Specification is set aside and dismissed. The remaining findings of guilty are again affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence that includes a bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* Articles 58b(c) & 75(a), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2