# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSHUA L. SUDBURY**
**United States Army, Appellant**

ARMY 20120600

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge (arraignment and motions hearing)
Steven E. Castlen, Military Judge (trial)
Colonel Randall J. Bagwell, Staff Judge Advocate (pretrial)
Colonel Francisco A. Vila, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief).

30 September 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

TELLITOCCI, Judge:

A panel consisting of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of willfully disobeying the order of a superior commissioned officer, two specifications of abusive sexual contact, one specification of forcible sodomy, and one specification of sodomy, in violation of Articles 90, 120, and 125, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 890, 920, and 925 (2006 & Supp. IV).  The panel sentenced appellant to a bad-conduct discharge and confinement for three years.  The convening authority approved the adjudged sentence.

This case is before us pursuant to Article 66, UCMJ. Appellant raises numerous assignments of error, four of which merit discussion and two of which merit relief.[1]

## BACKGROUND

In November 2011, appellant attended a barracks party along with numerous other soldiers, including Private First Class (PFC) AB, a female, and Specialist (SPC) SJ, a male. After consuming sufficient alcohol such that they were "drunk," appellant and SPC SJ accompanied PFC AB to AB's barracks room. Both SJ and AB testified that their memories of the remainder of the night were intermittent, but that they, along with appellant, were the only three people in the room.

At trial, SJ recalled sitting in a chair while appellant kneeled between SJ's knees and manually masturbated him. Private AP, another soldier, testified that at some time during the night in question, he knocked on AB's door and when appellant opened the door to let him in, appellant told AP he had "just sucked [SJ]'s dick." This conduct was the basis for the conviction of abusive sexual contact (manual masturbation) and forcible sodomy involving SJ and one of the specifications of willful disobedience of a "safe-sex" order.

Private First Class AB testified that she remembered walking back to her room and then recalled being naked in the bathtub with appellant next to her in the bathroom. She also recalled at some point being partially undressed wearing only a white tank top and stated that she found the clothes she was wearing the previous evening in her hamper the next day. Specialist SJ testified that he observed appellant near AB while she lay on the bed crying and that at one point appellant touched AB's leg while saying "everything is going to be okay."

The next day appellant sent AB multiple texts, including one in which appellant stated that he was "worried that he lost his friends because of what happened last night" and that he could not believe that he "went down on a girl."[2] This conduct was the basis for the conviction of abusive sexual contact and non-forcible sodomy with AB and the other specification of willful disobedience.

---

[1] Appellant also personally raises multiple issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.

[2] The presumed basis for appellant's surprise in engaging in such behavior is that the record indicates appellant is openly homosexual.

2

During a criminal investigation, appellant admitted to Criminal Investigation Command (CID) Special Agent ED that he had engaged in oral-genital contact with both PFC AB and SPC SJ.

**LAW AND DISCUSSION**

*1. Appellant's Admissions*

Appellant's first assignment of error alleges that:

> THE MILITARY JUDGE COMMITTED PLAIN ERROR IN ADMITTING [APPELLANT'S] ADMISSIONS THAT HE ENGAGED IN ORAL SEX WITH PRIVATE FIRST CLASS AB BECAUSE THE GOVERNMENT FAILED TO CORROBORATE THE ESSENTIAL FACTS CONTAINED IN HIS ADMISSIONS, THE SOLE EVIDENCE THAT ANY SEXUAL CONTACT OCCURRED, IN ACCORDANCE WITH MILITARY RULE OF EVIDENCE 304(g).

The second assignment of error is closely related in that it alleges appellant's trial defense counsel was ineffective for failing to object to the "uncorroborated" admissions.

Appellant made numerous statements relevant to acts with PFC AB which were admitted into evidence. During an interview with a criminal investigator, Special Agent (SA) ED, appellant confessed that he clearly remembered that he "went down on" AB and that AB was straddled over his face.

Confessions must be corroborated by "independent evidence, either direct or circumstantial . . . that corroborates the essential facts admitted to justify sufficiently an inference of their truth." Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(g). Here, the military judge admitted appellant's confession into evidence without objection. When the "defense fails to object to admission of specific evidence, the issue is waived, absent plain error." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (citing *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007)); *see also* Mil. R. Evid. 103, 304(a). An error is plain only if that error is "clear or obvious." *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014). Admitting a confession without any corroboration whatsoever would be plain error under Mil. R. Evid. 304(g). But in this case there was corroboration as discussed herein, namely, PFC AB's and SPC SJ's testimony. Although appellant now argues this evidence was not enough to corroborate his confession under the low standard of Mil. R. Evid. 304(g)(1), we cannot say that this

alleged insufficiency was error, let alone "clear or obvious." Therefore, the military judge did not commit plain error by admitting appellant's confession into evidence.

We note that our review of the factual and legal sufficiency of appellant's convictions for offenses against AB turns upon consideration of appellant's admissions and upon their corroboration. Mil. R. Evid. 304(g).

With respect to Mil. R. Evid. 304(g), our superior court has provided:

> The corroboration requirement for admission of a confession at court-martial does not necessitate independent evidence of all the elements of an offense or even of the *corpus delicti* of the offense. Rather, the corroborating evidence must raise only an inference of truth as to the essential facts admitted. Moreover, while the reliability of the essential facts must be established, it need not be done beyond a reasonable doubt or by a preponderance of the evidence.

*United States v. Seay*, 60 M.J. 73, 79 (C.A.A.F. 2004) (citing *United States v. Cottrill*, 45 M.J. 485, 489 (C.A.A.F. 1997)). In addition, "[b]oth [Mil. R. Evid.] 304(g) and *Cottrill* set forth a very low standard," *Seay*, 60 M.J. at 80, and "it is settled military law that the quantum of evidence needed to corroborate [a confession] 'may be very slight.'" *United States v. Grant*, 56 M.J. 410, 416 (C.A.A.F. 2002) (citing *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988)). Generally speaking, the corroboration need only establish the confession is trustworthy. *See United States v. Rounds*, 30 M.J. 76, 80 (C.M.A. 1990) (citing *Opper v. United States*, 348 U.S. 84, 93 (1954)).

Here, appellant's admissions, contained in both the text to AB[3] and the statements to SA ED, are corroborated by the surrounding circumstances. Other evidence showed appellant was in close proximity to her when she was naked in the bathtub and then later when she was only wearing a tank top. Appellant was witnessed near her on the bed touching her leg while telling her everything would be okay.

---

[3] We note the text messages were voluntary and not subject to the concerns of coercion and improper influence as would statements taken by law enforcement personnel. This does not, however, obviate the corroboration requirement or indicate that we use one statement by appellant to corroborate another inculpatory statement also made by appellant. *See* Mil. R. Evid. 304(g).

Appellant admitted to his misconduct. Those admissions were adequately corroborated by independent evidence, properly admitted into evidence, and appropriately considered. Moreover, the findings of guilty are factually and legally sufficient. As a result, any failure to object on the part of trial defense counsel was harmless.

### 2. *Consensual Sodomy*

In his third assigned error, appellant alleges:

> TO CONVICT ON A CHARGE OF NON-FORCIBLE SODOMY, AGGRAVATING FACTORS MUST BE PLED, INSTRUCTED UPON TO THE MEMBERS, AND DETERMINED BY THE TRIER OF FACT. *UNITED STATES V. CASTELLANO*, 72 M.J. 217 (C.A.A.F. 2013). IN THE CHARGE OF SODOMY, THE GOVERNMENT DID NOT ALLEGE AGGRAVATING FACTORS, THE MILITARY JUDGE DID NOT INSTRUCT THE MEMBERS ON ANY AGGRAVATING FACTORS, AND THE MEMBERS DID NOT MAKE A DETERMINATION THAT ANY AGGRAVATING FACTOR EXISTED. MUST SPECIFICATION 2 OF CHARGE III BE DISMISSED?

We answer the question in the affirmative.

Appellant was charged, *inter alia*, with sodomy involving AB. The military judge made a determination that, as a matter of law, the conduct subject to this specification was outside the protected liberty interest established in *Lawrence v. Texas*, 539 U.S. 558, 578 (2003). This determination is a matter of fact and must be properly pled and placed before the fact finder. *United States v. Castellano*, 72 M.J. 217, 223 (C.A.A.F. 2013). Here, just as in *Castellano*, "the members were instructed that they could convict the Appellant of sodomy if they found nothing more than that the physical act had occurred." *Id*. at 219. And, as in *Castellano,* this failure to instruct about the *Lawrence* protected liberty interest was prejudicial error. *Id*. at 223. We will take appropriate action in our decretal paragraph.

### 3. *Unreasonable Multiplication of Charges*

At trial, appellant failed to litigate the issue of whether his convictions for abusive sexual contact and forcible sodomy against SJ were an unreasonable multiplication of charges for findings.[4] However, this issue was not expressly waived and we will therefore review using the plain error standard. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). Appellant must demonstrate that: "(1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right" of the appellant." *United States v. Harcrow*, 66 M.J. 154, 158 (C.A.A.F. 2008).

Appellant stands convicted of abusive sexual contact with SPC SJ by manual masturbation and forcible sodomy with SPC SJ by oral-genital contact. These two sexual acts occurred either simultaneously or nearly so. The military judge found these two specifications were an unreasonable multiplication for the purposes of sentencing as they were each part of what was essentially one continuous act. The military judge also determined that the convictions of abusive sexual contact and sodomy with PFC AB were an unreasonable multiplication of charges for sentencing, but this issue is moot because the sodomy charge regarding PFC AB will be dismissed as a result of the error discussed in section 2 above.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

---

[4] The defense filed a motion raising unreasonable multiplication of charges, then after the close of the evidence and after being asked by the military judge if the defense desired to present argument on the issue, the motion was withdrawn. There was no discussion with the appellant on the record about this withdrawal.

(4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal quotation marks omitted).

Two convictions for the same course of criminal conduct involving SJ unreasonably exaggerate appellant's criminality. Here, we find the second and third *Quiroz* factors balance in favor of appellant to such a degree that we will dismiss one of the specifications. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief). Therefore, we will dismiss the specification of abusive sexual contact, Specification 1 of Charge II.

## CONCLUSION

Accordingly, the findings of guilty of Specification 1 of Charge II and Specification 2 of Charge III are set aside and those specifications are dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Because the military judge instructed the members that the specifications dismissed herein were to be treated as part of the remaining offenses, the sentencing landscape is almost completely unchanged. Second, although appellant was sentenced by members, this factor carries less weight here because the remaining offenses do not "address service custom, service discrediting conduct or conduct unbecoming." *Winckelmann*, 73 M.J. at 16. Third, we find the nature of the remaining offenses still captures the gravamen of the original specifications. Finally, based on our experience, we are familiar with the remaining offenses such that we may reliably determine what sentence would have been imposed at trial.

In reassessing the sentence, based on the noted error and the entire record, we AFFIRM the approved sentence. We find this reassessed sentence is not only purged

7

of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court