# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant LAWRENCE P. MUSCAT**
**United States Army, Appellant**

ARMY 20160534

Headquarters, 1st Special Forces Command (Airborne)
Deidra J. Fleming and Richard J. Henry, Military Judges
Lieutenant Colonel Terri J. Erisman, Staff Judge Advocate

For Appellant: Major Brendan R. Cronin, JA; Captain Meghan E. Mahaney, JA (on brief); Lieutenant Colonel Tiffany Pond, JA; Captain Patrick G. Hoffman, JA; Captain Benjamin A. Accinelli, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Captain Jeremy Watford, JA (on brief).

26 October 2018

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of aggravated sexual contact with a child under age twelve, one specification of indecent liberty with a child under age sixteen, three specifications of non-forcible sodomy with a child under age twelve, three specifications of assault consummated by battery with a child under age sixteen, and one specification of communicating a threat, in violation of Articles 120, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928, and 934 (2007 and 2012) [UCMJ]. The military judge sentenced appellant to be dishonorably discharged from the service, confined for twenty years, and reduced to the grade of E-1. The convening authority approved only so much of the sentence as

provided for a dishonorable discharge, confinement for seventeen years and eleven months, and reduction to the grade of E-1.[1]

Appellant's case is now before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error, one of which merits discussion, but no relief.[2] Appellant also personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have reviewed these matters and find they do not merit discussion or relief.[3]

---

[1] The convening authority granted clemency in the form of a two year reduction of appellant's sentence to confinement after disapproving and dismissing one specification of sexual assault, one specification of sodomy, and one specification of assault consummated by battery of a child under age sixteen. The convening authority determined clemency was warranted because the military judge made a fatal variance when finding appellant guilty by exceptions and substitutions for those specifications. The convening authority also granted clemency by reducing appellant's approved sentence to confinement by thirty days due to the delay in post-trial processing.

[2] One of appellant's assignments of error states the conviction under the Specification of Charge V, alleging a violation of Article 134, UCMJ, is legally insufficient because the record contains no evidence that said conduct was prejudicial to the good order and discipline in the armed forces. Appellant requests this court dismiss that language from the specification, and grant any other relief as appropriate. The government concurs as to the lack of evidence and requests this court dismiss the language. The government, however, asks this court to affirm both the remainder of the specification and the sentence as adjudged. Having reviewed the record of trial, we find it devoid of any evidence demonstrating that appellant's communication of a threat caused a reasonably direct and palpable injury to good order and discipline in the armed forces. Recognizing the principle of "plead in the conjunctive, prove in the disjunctive," the military judge's general finding of guilty was proper because at least one theory – that appellant's misconduct was of a nature to bring discredit upon the armed forces – was proven beyond a reasonable doubt. *See United States v. Williams*, 78 M.J. 543, 547 (Army Ct. Crim. App. 2018). As such, we reject the government's concession and affirm the specification as is.

[3] In appellant's *Grostefon* matters, he contends the military judge erred by permitting the government to use charged sexual misconduct to prove propensity to commit other charged sexual misconduct. Appellant's contention is based solely on the government's notice of intent to use charged misconduct as propensity evidence, marked as Appellate Exhibit XIV. We find no merit to appellant's position. Other than the government's notice of intent, there is nothing in the record indicating

(continued . . .)

## BACKGROUND

While stationed at Fort Bragg, North Carolina, appellant sodomized his biological son, NM. The misconduct took place in their home when NM was four years old.[4] No one else was present when the incident occurred. NM reported this incident towards the end of January 2014.

As a result of the misconduct, appellant was charged in Specification 3 of Charge III with a violation of Article 125, UCMJ. The specification alleged:

> In that [appellant] did at or near Fort Bragg, North
> Carolina, on divers occasions between on or about 1
> August 2012 and on or about 27 January 2014, commit
> sodomy with [NM] a child under the age of 12 years.

Appellant's assignment of error states Specification 3 of Charge III is legally and factually insufficient because the evidence at trial did not establish he committed the charged offense prior to Congress repealing and replacing the statute under which the government charged him.

## LAW AND DISCUSSION

Article 66(c), UCMJ, establishes our statutory duty to review a record of trial for legal and factual sufficiency de novo. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). Under Article 66(c), UCMJ, we may affirm only those findings of guilty we find correct in law and fact and determine, based on the entire record, should be affirmed. *Id*. The test for legal sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the government, a fact-finder could rationally have found all of the essential elements of an offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Blocker*, 32 M.J. 281, 284-85 (C.M.A. 1991). In resolving questions of legal sufficiency, this

---

(. . . continued)
the government sought to use charged misconduct as propensity evidence. More importantly, there is nothing in the record indicating the military judge considered improper propensity evidence while serving as the trier of fact. We note appellant's trial occurred after our superior court's decision in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), and are confident the military judge knew and followed the law in effect at the time of trial. Furthermore, nothing in the record contravenes or undermines this presumption.

[4] NM was born in June 2009.

court is "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Craion*, 64 M.J. 531, 534 (C.A.A.F. 2006) (citations omitted). In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "[A]fter weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of the [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

In 2013, the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66 § 1707, 127 Stat. 672, 961 (2013) [NDAA] repealed and replaced the offense of Sodomy, Article 125, UCMJ (prior Article 125), with the offense of Forcible Sodomy, Article 125, UCMJ (revised Article 125), with an effective date of 26 December 2013. Based on this legislative change, appellant argues the time period covered by the specification crossed the effective date and resulted in the government inadvertently charging appellant with committing offenses under these two different articles. Noting the military judge did not make specific findings as to when the misconduct on divers occasions actually occurred, appellant contends we cannot discern whether the misconduct occurred under either the prior or revised version of Article 125, UCMJ.

Essentially, the issue could be summarized as follows: NM credibly testified appellant orally sodomized him when he was four years old. During the year NM was four years old, Article 125, UCMJ, was amended. If we cannot determine, with certainty, whether the offense occurred before or after the statutory change, can we affirm the finding of guilty? We conclude we may affirm the conviction only if: (1) the specification states an offense under *both* the prior and revised versions of Article 125, UCMJ; and (2) the evidence is factually and legally sufficient under both the prior and revised versions of Article 125, UCMJ.

### A. *Does the specification state an offense?*

We first look to whether the specification states an offense under either version of Article 125, UCMJ. The standard for determining whether a specification states an offense is whether the specification alleges "every element either expressly or by implication, so as to give the accused notice or protect him from double jeopardy." *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006); *United States v. Dear*, 40 M.J. 196, 197 (C.M.A 1994). "The question of whether the specification states an offense is a question of the law this Court reviews de novo." *Crafter*, 64 M.J. at 211.

As already noted, Specification 3 of Charge III alleges a violation of Article 125, UCMJ, "in that [appellant] did at or near Fort Bragg, North Carolina, on divers

occasions between on or about 1 August 2012 and on or about 27 January 2014, commit sodomy with [NM] a child under the age of 12 years."

Given the date range charged in the specification, we find that both the prior and revised versions of Article 125, UCMJ, were charged under this specification. We also hold it states an offense as it pertains to both versions of Article 125, UCMJ.

As to the prior Article 125, UCMJ, the specification provides sufficient notice to the appellant by alleging the element of engaging in the act of unnatural carnal copulation with another along with the *Marcum* factor that the act was done with a child under the age of twelve. *United States v. Marcum*, 60 M.J. 198, 207 (C.A.A.F. 2004).[5]  The same conclusion is reached regarding the revised Article 125, UCMJ. The revised Article 125, UCMJ, criminalizes acts of sodomy that are accomplished either by "unlawful force or without the consent of the other person." *See* Article 125, UCMJ; *Manual for Courts-Martial, United States* (2016 ed.) [*MCM*], pt. IV, para. 51.a.(a).  Our superior court has never recognized the ability of a child under the age of twelve to legally consent to sodomy.[6] *See United States v. Banker*, 60 M.J. 216, 220 (C.A.A.F. 2004).  Here, by alleging appellant sodomized NM, a child under the age of twelve, the specification alleges by implication the element of "without consent of the other person."  Accordingly, the specification provides notice to the appellant as to the elements of both versions of Article 125, UCMJ.

### B. Is the evidence legally and factually sufficient?

Having reviewed the entire record of trial, and after making allowances for not having seen and heard the witnesses, we are convinced the evidence is legally and factually sufficient in all but one respect.

---

[5] In *Marcum*, our superior court provided the framework for distinguishing between constitutionally protected conduct determined by the Supreme Court in *Lawrence v. Texas*, 539 U.S. 558 (2003), and conduct that may be prosecuted criminally under Article 125, UCMJ.  60 M.J. at 205-06.  Our superior court uses the term "*Marcum* factors" to refer to any factor that removes the sexual conduct from the scope of *Lawrence's* protected interest. *United States v. Castellano*, 72 M.J. 217, 218 n. 5 (C.A.A.F. 2013).

[6] During the date range charged under Specification 3 of Charge III, the UCMJ explicitly provides that a child, not legally married to the person committing a sexual or lewd act, cannot consent to the act. *See* Article 120b, UCMJ; *MCM* (2012 ed.), pt. IV, para. 45b.a(g).  A child is defined as any person who has not attained the age of sixteen years. *MCM* (2012 ed.), pt. IV, para. 45b.a(h)(4).

We are not convinced appellant sodomized NM on more than one occasion. NM testified he was sodomized by appellant when he was four years old and lived in their home in North Carolina. NM stated appellant placed his mouth on NM's private part after appellant removed NM's clothes. NM stated he and appellant were alone during the incident and that his mother and sister were downstairs watching a movie. NM also indicated appellant told him not to tell anyone about what happened. When asked how many times this happened, NM replied "probably about fifteen." NM did not provide any details as to the other incidents nor does the record contain any other evidence NM was sodomized more than the one time he described. While NM's statement the sodomy occurred "probably about fifteen" times is legally sufficient evidence to support the specification as charged, we are not personally convinced, beyond a reasonable doubt, and we therefore grant relief in our decretal paragraph below.

**CONCLUSION**

On consideration of the entire record, we AFFIRM only so much of the finding of guilty of Specification 3 of Charge III as finds appellant did, at or near Fort Bragg, North Carolina, between on or about 1 August 2012 and on or about 27 January 2014, commit sodomy with [NM] a child under the age of 12 years. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the potential maximum sentence to confinement remains life, a sentence far greater than that which the military judge imposed. Second, we note appellant elected to be tried by a military judge alone. We are confident the sentence to confinement would have extended to at least seventeen years and eleven months had the factfinder found appellant guilty of Specification 3 of Charge III for sodomizing his son, NM, on one vice more than one occasion. Third, we find the remaining offenses capture the gravamen of appellant's criminal conduct. Finally, based on our experience as judges on this court, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. Having conducted this reassessment, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for seventeen years and eleven months, and reduction to the grade of E-1.

Judge ALDYKIEWICZ concurs.

6

MUSCAT—ARMY 20160534

WOLFE, Senior Judge, concurring:

I have been unable to find a military case that definitively establishes a framework for charging (and reviewing on appeal) crimes that are alleged to have occurred during a period of statutory change. By this I mean a statutory change that affects cases where the government alleges the offense occurred before and after the effective date of the amendment to a punitive article. Today, we determine a specification will state an offense if it contains all of the elements from both the old and new versions of the punitive article. This is a reasonable conclusion and I therefore fully join the opinion. Under this framework, the accused is put fully on notice of all elements for which he must defend against, and, at worse, the government is required to over prove its case.

In *United States v. Forrester,* 76 M.J. 389 (C.A.A.F. 2017), the military judge faced just such an issue. The offense of child pornography changed on 12 January 2012. *See* Article 134, UCMJ; *MCM* (2012 ed.), pt. IV, para. 68b. The accused was charged with possessing child pornography both before and after the effective date of the change. *Forrester*, 76 M.J. 391. The military judge's solution was to sever each child pornography specification into two specifications, one alleging conduct before 12 January 2012, and one alleging conduct after that date. *Id*. The military judge then merged the specifications back together after findings. *Id*. at 392. This is a possible solution, but is it the only one?

Consider, as an example, a carjacking that occurs sometime this coming New Year's Eve. As of 1 January 2019, the definition of robbery will no longer require as an element that the accused took property with the intent to permanently deprive the owner of its use and benefit.[7] If the government cannot prove the intent to permanently deprive, (if for example the car was taken for a brief joy ride) then the government must prove that the taking by force occurred after midnight (i.e. "*on* 1 January 2019," not "on or about 1 January 2019"). However, if the government alleges and proves the accused took the property with the intent to keep it, then it matters little whether the offense occurred before or after the clock strikes midnight.

Whether this is the correct framework, time will tell. I write separately to note this is soon likely to be an issue of significant importance. On 1 January 2019, more changes to punitive articles will simultaneously take effect than has ever

---

[7] *Compare* Article 122, UCMJ (2016 ed.) *with* Military Justice Act of 2016, Pub. L. No. 114-328, § 5434 (2016) (removing the words "with intent to steal" from robbery eliminating the requirement to show the accused intended to permanently deprive the victim of the victim's property).

7

occurred since the passage of the UCMJ nearly seventy years ago.  Thus, our opinion today might be ripe for additional scrutiny.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court