# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant JAMES G. DONOHUE**
**United States Army, Appellant**

ARMY 20140124

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Captain Jennifer K. Beerman, JA; Zachary D. Spilman, Esquire (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

30 June 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of abusive sexual contact, one specification of wrongful sexual contact, one specification of indecent acts, and one specification of conduct unbecoming an officer and a gentleman, in violation of Articles 120 and 133 Uniform Code of Military Justice, 10 U.S.C. §§ 920, 933 (2006 & Supp. IV) [hereinafter UCMJ]. The panel sentenced appellant to a dismissal and twenty-four months confinement. The convening authority approved the findings and sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises fifteen assignments of error, three of which require discussion and relief.[1] Appellant alleges the military judge committed error by merging for sentencing, rather than dismissing, specifications charged in the alternative. Further, the appellant challenges the legal and factual sufficiency of his conviction for committing an indecent act. We find that both these arguments have merit and grant appropriate relief in our decretal paragraph. Appellant also asks this court to provide relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate and reduce the approved sentence to confinement in our decretal paragraph.

## BACKGROUND

Appellant and two other Army officers, JM and LH, rented a private home near Killeen, Texas. Each officer had a private bedroom and shared the common areas of the home. They had all been friends while deployed to Iraq and had decided to share an off-post residence upon their return to the United States. One evening in late January 2011, all three officers went out to dinner and had some drinks. Upon returning to the house they all shared, they began to watch a movie on television. JM had several more beers and fell asleep in the recliner. At one point in the evening LH excused himself as he had an early flight to the National Training Center the next morning and he retired to his bedroom. The appellant was on the couch and JM was still asleep in the reclining chair.

Sometime after LH left the room, the appellant moved near the reclining chair where JM was asleep and began to rub JM's penis. This activity stopped when JM awoke and yelled at the appellant. JM followed appellant out into the back yard of the home where he continued to yell at appellant and began to strike him. LH was awakened by this commotion, left his bedroom, and found appellant crying in the back yard. LH did not observe any of the activity that occurred in the living room after he left the room approximately an hour earlier.

## ALTERNATIVE CHARGING

It is clear from the record that Specification 3 of Charge I, abusive sexual contact, and Specification 4 of Charge I, wrongful sexual contact, were charged in the alternative.[2] Our superior court has unambiguously stated that when

---

[1] The assignments of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

[2] The Government concedes this point, as well as the appropriateness of dismissing Specification 4 of Charge I, in its brief.

specifications are charged in the alternative for exigencies of proof and a panel returns guilty findings for both, the military judge must either "consolidate or dismiss a specification." *United States v. Elespuru,* 73 M.J. 326, 329 (C.A.A.F. 2014). Accordingly, we will grant appropriate relief and dismiss Specification 4 of Charge I.

## LEGAL SUFFICIENCY OF INDECENT ACT

Among other charges the panel found appellant guilty of Specification 5 of Charge I, in violation of Article 120, UCMJ, which alleged:

> In that [appellant], did, at or near Killeen, Texas, between on or about 10 January 2011 and on or about 1 February 2011, wrongfully commit indecent conduct, to wit: touch the exposed penis of [1LT JM] with his hand, while another person was in a separate room that could have came [sic] into the room and witnessed the conduct by [appellant].

The touching alleged in this specification is the same act that forms the basis for Specification 3 of Charge I, abusive sexual contact. Appellant was also found guilty of that specification. It is clear from the wording of the specification and the facts in this case that the basis for criminality is the presence of the third roommate, LH, in the house at the time of the sexual activity.[3]

In accordance with Article 66(c), UCMJ, we review issues of legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the

---

[3] The Government argues in its brief that the case law interpreting "open and notorious" indecent acts only involves consensual sexual activity, and we should not apply it to the present case as it involves nonconsensual sexual activity. The Government fails to recognize that the only way this specification can stand as a separate offense is if we find it indecent due to its allegedly open and notorious nature. If the Government theory were to be that this conduct is indecent because it is nonconsensual, then it would be a lesser included offense of the abusive sexual contact specification (Specification 3 of Charge I).

evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

The fact that appellant touched the penis of JM with his hand is not in dispute. The appellant admitted this conduct in his statement to the police and his testimony at trial. It is also beyond dispute that the third roommate, LH was present in the house at the time. However, this analysis does not end our inquiry. The home where the crime occurred was a private residence. All three officers agreed to rent and occupy the home together. According to a diagram of the home admitted at trial, the bedroom occupied by LH was located so that it did not have direct access to the living room. Rather, LH would have to leave his bedroom, go down a short hallway and enter the kitchen before he could possibly view any activity taking place in the living room. LH did not view any of the activity and was unaware that anything was occurring until he heard JM and the appellant yelling. Under these circumstances there is not sufficient evidence, as a matter of law, of the open and notorious nature of the sexual conduct to sustain a finding of guilty of committing an indecent act. *United States v. Izquierdo,* 51 M.J. 421, 423 (C.A.A.F. 1999); *see also United States v. Berry*, 6 U.S.C.M.A. 609, 614 20 C.M.R. 325, 330 (1956).

## POST-TRIAL DELAY

The convening authority took action 381 days after the conclusion of appellant's court-martial. Of that delay, 354 days are attributable to the government. The record in this case consists of thirteen volumes, and the trial transcript is 1,252 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The government has not provided any explanation for the lengthy post-trial delay in processing this case. The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief in the form of a thirty-day reduction as to the sentence to confinement is appropriate under the facts of this case.

4

**CONCLUSION**

The findings of guilty of Specifications 4 and 5 of Charge I are set aside and those specifications are DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find there is a change in the penalty landscape as the potential maximum sentence to confinement is reduced from thirteen years to eight years.[4] Second, the appellant chose sentencing by an officer panel. Third, we find the remaining offenses capture the gravamen of appellant's criminal conduct which, ultimately, stemmed from the same act. Finally, based on our experience as judges on this court, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least a dismissal and twenty-one months confinement. We find this reassessed sentence is not only purged of any error but is also appropriate.

Having conducted this reassessment and considering the dilatory post-trial processing, we AFFIRM only so much of the sentence as provides for confinement for twenty months and dismissal from the service. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] The military judge instructed the panel to treat Specifications 3 (abusive sexual contact) and Specification 4 (wrongful sexual contact) of Charge I as one offense for sentencing; thus the maximum punishment to confinement is only reduced by five years due to the dismissal of Specification 5 (indecent act) of Charge I.

5